UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CABALLERO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAND SITUATED IN THE STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:20-cv-00866-KJM-AC<br><br>ORDER |

Plaintiff Cesar Caballero filed this civil lawsuit on April 28, 2020. ECF No. 1. He now requests permission to proceed *in forma pauperis* (IFP). IFP Application, ECF No. 3.

I.     LEGAL STANDARD: IFP STATUS

With the exception of applications for writs of habeas corpus, a plaintiff filing a civil lawsuit in a United States district court must generally pay a $400 filing fee. 28 U.S.C. § 1914. The "IFP statute," however, waives the filing fee for a plaintiff[1] that cannot afford the payment, provided the suit is neither frivolous nor malicious. *See* 28 U.S.C. § 1915(a); *Franklin*

---

[1] All persons, not just prisoners, may seek IFP status. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (finding statute applies to all persons despite its "prisoner possesses" language, and collecting cases so holding).

1

*v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).  The statute does not itself delineate when someone is unable to pay the fee, but the Supreme Court has limited IFP status to those who file a sworn affidavit showing "complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  Although the plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted), a sworn statement that the plaintiff cannot pay the court costs while still affording the necessities of life is generally enough, *Adkins*, 335 U.S. at 339; *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  But "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required . . . to put his money where his mouth is." *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (citation and internal quotation marks omitted).

II.   APPLICATION

Here, plaintiff is entitled to IFP status.  Under penalty of perjury, he declares he has no income.  IFP Application at 1.  He also declares he has no savings, real estate or a car.  *Id.* at 2.  Plaintiff lists two debts, one worth $500 and another worth $800, to two individuals.  *Id.*  Considering these facts collectively, the court finds plaintiff has sufficiently shown destitution.

That he is represented by counsel does not change this result.  *See generally* 28 U.S.C. § 1915(a) (nowhere limiting IFP status to pro se plaintiffs); *Kwan v. Schlein*, 246 F.R.D. 447, 453 (S.D.N.Y. 2007) ("[A]uthorization to commence litigation without the prepayment of fees is based on the resources of the litigant and not on whether she has obtained counsel."); *see also Cottingham for Washington v. Bd. of Educ. of Emery Unified Sch. Dist.*, C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (considering plaintiffs' request, although represented by counsel, to proceed IFP).  Without any evidence showing plaintiff has paid his attorney, the court accepts plaintiff's declaration of destitution as true.  *See Kwan*, 246 F.R.D. at 453 ("[Unless] payments []to her attorney demonstrate [Kwan] is no longer indigent, there is no basis for reconsidering her in forma pauperis status.").  The court GRANTS plaintiff's motion to proceed *in forma pauperis*.

1          IT IS SO ORDERED.

2          This resolves ECF Nos. 3, 4 and 8.

3 DATED: August 4, 2020.

                                           CHIEF UNITED STATES DISTRICT JUDGE